IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**DONALD RAY LOGSDON, JR.,**

    Plaintiff,

v.       Case No. 21-CV-252-JFH-SPS

**DORIS CRAWFORD, et al.,**

    Defendants.

## OPINION AND ORDER

Plaintiff is a pro se federal prisoner who is incarcerated at the Federal Correctional Institution in El Reno, Oklahoma. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations occurring at the Pittsburg County Jail in McAlester, Oklahoma [Doc. No. 1]. The defendants are Doris Crawford, Pittsburg County Jail Nurse; the United States Marshals Service ("USMS"); the Pittsburg County Jail; and Loyd London, Pittsburg County Jail Chief of Security.

Plaintiff alleges that while incarcerated in the Pittsburg County Jail, Defendant Crawford gave him the wrong medication for eight days in a row and denied him medical attention for his pain. Plaintiff further alleges that: Defendant Crawford later apologized to Plaintiff; and Defendant London gave Plaintiff a meal from McDonald's to compensate for Crawford's errors.

**Motions for Guardian Ad Litem and for Appointment of Counsel**

Plaintiff has filed a motion for appointment of "ad litem" [Doc. No. 5]. Rule 17(c) of the Federal Rules of Civil Procedure provides that "[t]he court must appoint a guardian

ad litem--or issue another appropriate order--to protect . . . [an] incompetent person who is unrepresented in an action."

> Rule 17 provides that an individual's capacity to sue or be sued is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1). Accordingly, courts "interpret the term 'incompetent person' in Rule 17(c) to refer to a person without the capacity to litigate under the law of his state of domicile and, hence, under Rule 17(b)." *Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990).

*Graham v. Teller County, Colo.*, 632 F. App'x 461, 465 (10th Cir. 2015).

Under Oklahoma law, "[a] guardian ad litem is a person appointed by the court to assist the subject of a proceeding in making decisions or to make decisions when the subject of a proceeding is incapable of making decisions even with assistance." *Gomes v. Hameed*, 184 P.3d 479, 486-87 (Okla. 2008) (citing Okla. Stat. tit. 30, § 1-111). Here, Plaintiff alleges he is "INCOMPETENT and NON COMPOS MENTIS" [Doc. 5 at 1]. However, he has provided no support for this claim, other than his bare statements and definitions of incapacity. Because the Court finds that Plaintiff has not demonstrated he is incapable of making decisions, his motion for appointment of a guardian ad litem [Doc. No. 5] is **DENIED**.

Plaintiff has also filed a motion requesting the Court to appoint counsel [Doc. No. 10]. He cites 25 U.S.C. § 175, which states, "In all States and Territories where there are reservations or allotted Indians the United States attorney shall represent them in all suits at law and equity." This statute, however, "is not mandatory and . . . its purpose is no more than to insure Indians adequate representation in suits to which they might be parties." *Siniscal v. United States*, 208 F.2d 406, 410 (9th Cir. 1953), *cert. denied*, 348 U.S. 818

2

(1954). *See also Pyramid Lake Paiute Tribe of Indians v. Morton*, 499 F.2d 1095, 1097 (D.C. Cir. 1974) (finding that this provision "impose[s] only a discretionary duty of representation").

The Court, however, still may consider Plaintiff's motion for appointment of counsel. He bears the burden of convincing the Court that his claim has sufficient merit to warrant such appointment. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973)). The Court has carefully reviewed the merits of Plaintiff's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *McCarthy*, 753 F.2d at 838 (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). After considering Plaintiff's ability to present his claims and the complexity of the legal issues raised by the claims, the Court finds that appointment of counsel is not warranted. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Therefore, Plaintiff's motion for appointment of counsel [Doc. No. 10] is **DENIED**.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of*

*Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Amended Complaint**

Within twenty-one (21) days of the entry of this Order, Plaintiff must file an amended complaint on this Court's form. The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999) (holding that "a cause of action under § 1983 requires a deprivation of a civil right by a 'person' acting under color of state law"). Further, the names in the caption of the amended complaint must be identical to those contained in the body of the amended complaint, pursuant to Fed. R. Civ. P. 10(a).

Because the Pittsburg County Jail is a building, not a "person," it is **DISMISSED** from this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. *See Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. Jan. 25, 2010) (holding that "the Creek County Criminal Justice Center is not a suable entity under § 1983.").

Plaintiff asserts he was in the custody of the USMS while incarcerated at the Pittsburg County Jail [Doc. No. 1 at 5], however, the USMS is a federal, not state, law

enforcement agency. *Wilson v. United States Marshals Service*, No. 17-3224-SAC, 2018 WL 4681638, slip op. at *3 (D. Kan. Sept. 28, 2018). Even if Plaintiff's claim against the USMS is construed as a claim under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1999), which set forth a remedy for constitutional violations committed by federal officials, it must fail. "[A] *Bivens* claim can be brought only against federal officials in their individual capacities" and cannot be asserted directly against the United States, federal agencies, or federal officials acting in their official capacities. *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (citing *Farmer v. Merrill*, 275 F.3d 958, 963 (10th Cir. 2001) and *FDIC v. Meyer*, 510 U.S. 471, 485–86 (1994)). Plaintiff makes no allegations concerning individual federal defendants to provide the necessary direct, personal participation required to establish *Bivens* liability. Therefore, the United States Marshals Service also is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Further, because the USMS is dismissed by this Opinion and Order, Plaintiff's motion for the Court to grant a fair hearing, which concerns the USMS as a defendant [Doc. No. 8], is **DENIED AS MOOT**.

The amended complaint must include a short and plain statement of when and how each named defendant violated Plaintiff's constitutional rights and showing Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff also must provide the correct and names and addresses for service of process. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). Plaintiff shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and

state how the named defendant's personal participation violated his constitutional rights.

The amended complaint must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her . . . ." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). Plaintiff is responsible for providing sufficient information for service of process. An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). The amended complaint must include all claims and supporting material to be considered by the Court. *See* Local Civil Rule 9.2(c). It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits. *Id*. It also may not include defendants or claims that are dismissed by this Opinion and Order. Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, only one side of the paper may be used, and additional sheets of paper shall have margins of no less than one (1) inch on the top, bottom, and sides. The Court Clerk is directed to send Plaintiff a form for filing an amended complaint.

**THEREFORE,**

1. Plaintiff's motion for appointment of guardian ad litem [Doc. No. 5] is **DENIED**.

2. Plaintiff's motion for appointment of counsel [Doc. No. 10] is **DENIED**.

3. Defendants Pittsburg County Jail and the United States Marshals Service are **DISMISSED** from this action pursuant to 28 U.S.C. § 1915A(b)(1) for

failure to state a claim upon which relief may be granted.

4. Plaintiff's motion for the Court to grant a fair hearing [Doc. No. 8] is **DENIED AS MOOT**.

5. Plaintiff is directed to file within twenty-one (21) days an amended complaint on the Court's form, as directed in this Order.

6. The Court Clerk is directed to send Plaintiff a copy of the form for filing an amended civil rights complaint in this Court.

7. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 5th day of November 2021.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE