IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

DONALD RAY LOGSDON, JR.,

            **Petitioner,**

v.                                                              No. 21-CV-252-JFH-JAR

**SCOTT CROW,**

            **Respondent.**

## OPINION AND ORDER DENYING PETITIONER'S
## SECOND MOTION FOR APPOINTMENT OF COUNSEL

Petitioner has filed a second motion for appointment of counsel. Dkt. No. 36. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would [assist the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

The Court again has carefully reviewed the merits of Petitioner's claims, the nature of the factual issues raised in his allegations, and his ability to investigate crucial facts. *See McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). The Court concludes the issues are not complex, and Petitioner appears capable of adequately presenting facts and arguments.

THEREFORE, Petitioner's second motion for appointment of counsel [Doc. No. 36] is DENIED.

IT IS SO ORDERED this 19th day of April 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE