IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

DONALD RAY LOGSDON, JR.,

     Plaintiff,

v.

DORIS CRAWFORD,

     Defendant.

Case No. 21-CV-252-JFH-JAR

### REPORT AND RECOMMENDATION

     Plaintiff Donald Ray Logsdon, Jr., a federal prisoner appearing pro se, brings this federal civil rights action under 42 U.S.C. § 1983, claiming violations of his constitutional rights. Doc. # 1. United States District Judge John F. Heil, III, has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1). On April 25, 2023, Defendant Doris Crawford filed a Motion for Sanctions for Failure to Comply with the Court's Order on Defendant's Motion to Compel. Doc. # 119. Logsdon submitted a response in opposition to the motion. Doc. # 123. For the reasons discussed herein, the undersigned recommends that the motion be granted and the action dismissed.

     I.    DISCUSSION

     Pursuant to the Court's Order of December 12, 2022, the deadline for the completion of discovery expired March 13, 2023. Doc. # 82. On March 13, 2023, Crawford sought an order from the Court compelling Logsdon to respond to her discovery requests, which were served on Logsdon on or around December 29, 2022. Doc. # 99. These included Crawford's interrogatories, requests for production of documents, requests for admission, and request for Logsdon to sign an Oklahoma Standard Authorization to Use or Share Protected Health Information. *Id.*, at 1. The Court granted the motion, directing that Logsdon provide the discovery responses by April 24,

2023, and advised Logsdon that the failure to comply could result in Crawford seeking sanctions under Rule 37(b) of the Federal Rules of Civil Procedure. Doc. # 111.

On April 25, 2023, Crawford filed the instant motion for sanctions, asserting that Logsdon failed to comply with the Court's Order compelling his discovery responses and requesting that the Court therefore dismiss the action under Rule 37(b)(2)(A)(v). Doc. # 119, at 1-5. Logsdon responded that he "believes he has done everything within his power to comply with [the] Court's Order to Compel." Doc. # 123, at 1. He states that he "signed and returned the requested documents" to Defendant, presumably referring to the Oklahoma Standard Authorization to Use or Share Protected Health Information, but that he cannot produce the other requested documents because his correctional facility will not supply them. *Id.* at 1-2 ("I cannot produce documents until I have them in my possession. I have tried everything in my power to receive them."). Logsdon further asserts that he has attempted to obtain documents from Pittsburg County but has not received a response. *Id.* at 1-2.

Rule 37(b)(2)(A)(v) provides that, if a party "fails to obey an order to provide or permit discovery," the Court may sanction the party by "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). In determining whether dismissal is more appropriate than lesser sanctions, the Court considers several factors, including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Rynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks, citations, and ellipses omitted). Dismissal is appropriate "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Id.* (internal quotation

marks omitted). Where, as here, a party appears pro se, "the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Id.* at 920 n.3.

The first, second, and fourth factors weigh in favor of Crawford. Logsdon's failure to produce the requested discovery prejudices Crawford in her ability to defend against Logsdon's claims and interferes with the judicial process by causing delays and the expenditure of additional judicial resources in resolving this discovery dispute. Further, the Court specifically warned Logsdon that his failure to respond to Crawford's discovery requests could result in sanctions under Rule 37(b). Doc. # 111. The third factor appears to be neutral. Logsdon's response to Crawford's motion for sanctions indicates that he has made efforts, however unsuccessful, to obtain documents from his correctional facility and that he signed and returned the authorization form Crawford provided to him. However, while Logsdon's response appears to address Crawford's requests for production, it does not indicate why Logsdon failed to supply Crawford with answers to her interrogatories or requests for admission.

The fifth factor—the "efficacy of lesser sanctions"—merits careful consideration due to Logsdon's pro se status. *Ehrenhaus*, 965 F.2d at 920 n.3. The undersigned is convinced that lesser sanctions would not be fruitful. The sanctions delineated in Rules 37(b)(2)(A)(i), (ii), and (iii) appear most appropriate where the unanswered discovery was limited in scope. *See* Fed. R. Civ. P. 37(b)(2)(A)(i) ("directing that the matters embraced in the order or other designated facts be taken as established"), (ii) ("prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"), (iii) ("striking pleadings in whole or in part"). Because Logsdon refused to answer any discovery request, imposition of these sanctions likely would have the same effect as a dismissal. Under Rules

37(b)(2)(A)(iv) and (vii), the Court could "stay[] further proceedings until the order is obeyed" or treat Logsdon's failure to obey the order "as contempt of court." Fed. R. Civ. P. 37(b)(2)(A)(iv), (vii). Yet, there is no indication that additional time or a contempt order would render a result. Logsdon has had ample time to submit discovery responses and has refused to do so despite having been advised of the possibility of sanctions.

In sum, Logsdon has provided no adequate excuse for his noncompliance with the Court's Order, particularly as it relates to Crawford's interrogatories and requests for admission. A sanction other than dismissal would be futile or inadequate.

II.     RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based on the foregoing findings, the undersigned recommends the Court GRANT Defendant Doris Crawford's Motion for Sanctions for Failure to Comply with the Court's Order on Defendant's Motion to Compel (Doc. # 119) and DISMISS this matter with prejudice, pursuant to Rule 37(b)(2)(A)(v).

Plaintiff is given fourteen (14) days from the date of the service of this Report and Recommendation to file any objections with a supporting brief under 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of the order of the District Court based on such findings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Dated this 11th day of April 2024.

JASON A. ROBERTSON
United States Magistrate Judge
Eastern District of Oklahoma

4