IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**DONALD RAY LOGSDON, JR.,**

      **Plaintiff,**

v.                                                                                    Case No. 21-CV-252-JFH-JAR

**DORIS CRAWFORD,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the Objection and Response to the Magistrate Judge's Report and Recommendation [Doc. No. 167] filed by Plaintiff Donald Ray Logsdon, Jr. ("Logsdon"). Dkt. No. 172.

The record shows that on April 25, 2023, Defendant Doris Crawford ("Crawford') filed a motion for sanctions for Logsdon's failure to comply with the Court's Order to compel Logsdon's discovery responses. Dkt. Nos. 111, 119. On May 15, 2023, Logsdon filed a response to Crawford's motion for sanctions, alleging he had "done everything within his power to comply with this Court's Order to Compel." Dkt. No. 123 at 1. He claimed he had not produced the requested documents, because Crawford had not produced them to him. *Id.* Logsdon further asserted that Crawford's claim that he did not respond to her requests was a lie. *Id.* at 2. He asked the Court not to dismiss his case, because he believed he had done everything correctly. *Id*. at 3.

On April 11, 2024, the Magistrate Judge entered a Report and Recommendation, recommending that the Court grant Crawford's motion for sanctions and dismiss this matter with prejudice. Dkt. No. 167. The Magistrate Judge found:

> Logsdon's failure to produce the requested discovery prejudice[d] Crawford in her ability to defend against Logsdon's claims and interfere[d] with the judicial process by causing delays and the expenditure of addition judicial resources in resolving

this discovery dispute. Further, the Court specifically warned Logsdon that his failure to respond to Crawford's discovery requests could result in sanctions under Rule 37(b).

Dkt. No. 167 at 2-3.

The Magistrate Judge further found:

The sanctions delineated in Rules 37(b)(2)(A)(i), (ii), and (iii) appear most appropriate where the unanswered discovery was limited in scope. See Fed. R. Civ. P. 37(b)(2)(A)(i) ("directing that the matters embraced in the order or other designated facts be taken as established"), (ii) ("prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"), (iii) ("striking pleadings in whole or in part").

*Id.* at 3.

The Report and Recommendation was served on Logsdon by certified mail on April 19, 2024. Dkt. No. 168 at 2. Neither party objected to the Report and Recommendation within the 14-day period set by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b). Accordingly, on April 29, 2024, the District Judge accepted and adopted the Magistrate Judge's recommendation, Crawford's motion for sanctions was granted, and Logsdon's claims were dismissed with prejudice. Dkt. No. 169. On May 23, 2024, Logsdon filed an undated Objection and Response to the Report and Recommendation, asking that his case not be dismissed and reiterating that he believes he has "done everything properly." Dkt. No. 172.

After careful review, the Court finds Logsdon's Objection and Response was untimely and did not raise any new issues. The Report and Recommendation clearly stated that he had 14 days from the date of service to file any objections. Dkt. No. 167 at 4. He failed to do so, and the allegations in his objection and response do not excuse his failure to produce discovery material as directed.

IT IS THEREFORE ORDERED that Plaintiff Logsdon's Objection and Response [Doc. No. 172] is DENIED.

Dated this 4th day of December 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE